IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>　　Plaintiff,<br><br>　v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 69.181.126.175,<br><br>　　Defendant.<br>　　　　　　　　　　　　　　　　　　　　／ | No. C 15-04280 WHA<br><br>**ORDER DENYING REQUEST FOR EXTENSION AND DISMISSING CASE FOR FAILURE TO TIMELY SERVE DEFENDANT** |

　　Plaintiff Malibu Media, LLC commenced this copyright infringement action on September 18, 2015. Pursuant to Rule 4(m), the deadline to effectuate service was January 18, 2016. On October 11, Malibu Media filed a motion for leave to serve defendant's Internet provider with a subpoena for the purpose of receiving defendant's identifying information. An order granted that motion on October 18 (Dkt. No. 11). That order also required Malibu Media to file any documents that included defendant's identifying information under seal and prohibited Malibu Media from disclosing that information or using it for any purpose other than protecting its rights as set forth in the complaint.

　　Malibu Media received Comcast's response on December 14. Malibu Media had thirty-five days within which to move to file under seal an amended complaint and proposed summons including defendant's identifying information and to effectuate service once it received the unredacted summons. On January 19, Malibu Media filed its sealing motion and sought an extension of the deadline to effectuate service, which lapsed the previous day (Dkt. Nos.

17–18). The same day, an order granted Malibu Media's sealing motion and extended the deadline to effectuate service to January 29, 2016 (Dkt. No. 19). The summons issued the same day (Dkt. No. 20).

On January 29, Malibu Media again sought to extend the deadline to effectuate service noting that counsel had not yet received the unredacted summons by mail. An order extended the deadline to February 16 (Dkt. No. 22). On February 9, counsel for plaintiff contacted the Clerk's Office, noting that they had not received the unredacted summons by mail, and the Clerk reissued the summons. Malibu Media received the unredacted summons on February 12 and requested a third extension on February 16 (Dkt. No. 24).

Even if the unredacted summons was not mailed to Malibu Media on January 19, which seems unlikely, counsel have not acted diligently and have filed the sealing motion and requested extensions at the last minute (including once after the deadline had lapsed). Plaintiff's counsel (or any associated counsel of record) could have gone in person to the Clerk's Office on the 16th floor of 450 Golden Gate Ave., San Francisco, to retrieve the unredacted summons thereby avoiding any delays caused by the mail. Counsel elected not to do so. (To be clear, in order to protect the identity of the defendants in Malibu Media's numerous ongoing actions in this district, unredacted summonses will only be issued to counsel that have appeared in the given action, not to any third parties such as messengers.)

Malibu Media's failure to timely serve the defendant in this action is the result of flawed follow-through on counsel's part. Malibu Media's third request for an extension is **DENIED**, and this action is **DISMISSED** for failure to timely serve the defendant. The Clerk shall please **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: February 17, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE